IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>                                                  )<br>           Plaintiff,                      )<br>                                                  )<br>vs.                                            )<br>                                                  )<br>JASON DEBARGE DEVERS,      )<br>                                                  )<br>           Defendant.                  ) | Case No.  8:12CR236<br><br><br>FINDINGS AND RECOMMENDATION<br>AND ORDER |

This case is before the court on Defendant Jason Debarge Devers'[1] Motion to Dismiss for Violation of Speedy Trial Act (#39).  The Defendant's alleged violations are based on his claim that his speedy trial clock for his August 20, 2012 federal indictment, began on December 6, 2011 when he was arrested on similar State charges and by the exclusion of twenty-one (21) days from his speedy trial clock following the withdrawal of his public defender.  The government, in response, has filed a Brief in Opposition to Defendant's Motion (#43) and an Index of Evidence (Sealed) (#44).

After careful review of the proceedings in this case, I find the motion should be denied.

**PROCEDURAL HISTORY**

I find that the Government's summary of prior proceedings accurately reflects the procedural history of this case and I adopt the following dates as relevant to my findings.

On December 6, 2011 Defendant Jason Debarge Devers was arrested by Omaha Police officers who responded to a call of shots fired at 3802 North 36th Street, Omaha,

---

[1] Defendant is *Pro Se* and refused the appointment of standby counsel (Docket Entry No. 36)

Nebraska. (Gov't Ex. 1) The case was referred to the Douglas County Attorney's office for prosecution, and on January 19, 2012, Defendant was charged by Information in the Douglas County District Court with Criminal Impersonation in violation of Nebraska Statute §28-638 and Possession of a Deadly weapon by a Prohibited Person in violation of Nebraska Statute §28-1206. (Gov't Ex. 2) The case was also referred to the United States Attorney's Office for investigation of federal law violations.

On August 20, 2012 Defendant was indicted by the federal grand jury for the District of Nebraska and charged in a single count indictment with Felon in Possession of a Firearm, in violation of Title 18, United States Code §§922(g)(1) and 924(a)(2) stemming from the December 6, 2011 incident. (Doc.1) On August 21, 2012 Defendant was arrested by the United States Marshal on the federal warrant issued as a result of the federal indictment. (Doc. 13)

On August 24, 2012, Defendant appeared before Magistrate Judge F.A. Gossett for an initial appearance. Defendant entered a plea of not guilty and the United States made an oral motion for detention of Defendant. A detention hearing was ordered for August 28, 2012. (Text Minute Entry 8 and Text Oral Mot. 9).

On August 28, 2012, Defendant again appeared before Magistrate Judge Gossett for a detention hearing. The Court granted the United States' motion for detention and Defendant was ordered detained pending trial. (Text Minute Entry 15 and Doc. 16)

On September 6, 2012, Defendant, through counsel, filed a motion for appointment of new counsel. (Doc. 19) On September 12, 2012, the Court heard Defendant's motion and ordered the appointment of new counsel. The Court also ordered that the time between September 12, 2012 and October 3, 2012 is excluded in the interest of justice

from the speedy trial clock. The Court further ordered that the defendant could, through new counsel, file a motion to restart the clock at any time between September 12, 2012 and October 3, 2012. (Text Minute Entry 23)

On October 2, 2012, Defendant, through counsel, filed a motion to extend the pretrial motion deadline. (Doc. 26) On October 3, 2012, the Court granted Defendant's motion and extended the Pretrial Motion deadline to October 5, 2012. The Court further ordered that the time between October 3, 2012 and October 5, 2012 be deemed excludable time in any computation of time under the requirement of the Speedy Trial Act. (Doc. 27).

On October 5, 2012, Defendant, through counsel, filed a motion to suppress and a brief in support of the motion to suppress. (Doc. 28) On October 10, 2012, the Court issued an order setting the motion hearing on October 30, 2012. (Text Order 30) On October 11, 2012, the United States filed a motion to continue the motion to suppress hearing because both Government witnesses necessary for the hearing were unavailable on October 39, 2012. (Doc. 31) The Defendant, through counsel, did not oppose the motion. On October 16, 2012, the Court granted the Government's motion to continue and ordered that the time between October 16, 2012 and the anticipated hearing date be excluded for purposes of computing the limits under the Speedy Trial Act. (Text Order 33)

On October 19, 2012, counsel for Defendant filed a motion to withdraw as attorney for Defendant. (Doc. 34 On October 22, 2012, the Court ordered that a hearing on the motion to withdraw be held on October 25, 2012. (Text Order 35)

On October 25, 2012, the Court granted the motion to withdraw and granted Defendant's request to proceed *pro se* with no stand-by counsel. During that hearing, Defendant also withdrew his pending motion to suppress and requested a trial date at the

Court's earliest convenience. (Test Minute Entry 36) The Court then set Defendant's case for trial on November 27, 2012. (Doc. 38)

On November 5, 2012, Defendant filed, *pro se*, the subject motion to dismiss for violation of Speedy Trial Act 18 U.S.C. §3161(b).

### Alleged Violation of the Speedy Trial Act from date of Defendant's arrest by officials of the State of Nebraska

Defendant avers that his speedy trial clock started on December 6, 2011 when he was arrested on a charge of Possession of a Deadly Weapon by a Prohibited Person in violation of Nebraska statute §28-1206. The Defendant's conclusion is incorrect as a matter of law. The Eighth Circuit has clearly ruled on this issue and determined that the federal government is now bound by action of state authorities and successive state and federal prosecutions are constitutionally permissible. Specifically, our circuit has ruled that "a state arrest does not activate the time limits of the Speedy Trial Act." *United States v. Carlson,*, 697 F.2d 231, 235 (8th Cir. 1983).

### Calculation of the Speedy Trial Clock and the Twenty-One Day Exclusion Resulting from a Withdrawal of the Defendant's Public Defender

The Defendant also alleges a violation of his right to a speedy trial by the September 12, 2012 exclusion of twenty-one days without his consent. The Defendant claims that, "Upon September the 12th the government took it upon it self (sic) to stop my trial clock for twenty-one (21) days without my consent. So this court has made an error in computing my trial clock. Since the government cant (sic) act on my behalf this twenty-one (21) days should count." (#40, Defendant's brief, p.2, Other:) A review of the

-4-

record discloses that there was a hearing on September 12, 2012 and that on that date the court found as follows, in Entry No. 23:

> TEXT MINUTE ENTRY for proceedings held on 9/12/2012 before Magistrate Judge F.A.Gossett as to defendant Jason Debarge Devers. Motion Hearing on Motion for Appointment of New Counsel 19 held. Government steps out of the courtroom for a portion of the hearing. Oral argument hearing. Motion for Appointment of New Counsel 19 is granted. The appearance of Shannon P. O'Connor is hereby deemed withdrawn. The court will appoint new counsel for the defendant. The time between today and October 3, 2012 is excluded in the interest of justice from the speedy Trial clock. If the defendant so chooses, he may through new counsel file a motion to restart the clock at any time between now and October 3, 2012. New counsel will be appointed by separate order of the court. Defendant remanded to the custody of the U.S. Marshal to be detained pending further order of the court. Hearing held in Omaha, NE. Appearance for Plaintiff: Meredith B. Tyrakoski, USA; Appearance for the Defendant: Shannon P. O'Connor, FPD; Courtroom Deputy: Sara Pankoke; Court Reporter: Digital Recorder. No interpreter used during hearing. Time Start: 10:10 AM; Time Stop: 10:22 AM; Time in Court: 12 Minutes. (SLP) (Entered: 09/12/2012)

The court's records demonstrate that contrary to the defendant's claim, the court, not the government, stopped the speedy trial clock in the interest of justice. While the Defendant's brief claims that the clock was stopped without his consent, the record shows no objection to the Court's order which occurred with the Defendant present. Additionally, it should be noted that a review of Defendant's speedy trial clock, even with the twenty-one days added, does not result in a violation of his right to a speedy trial.

**IT IS THE FINDING AND RECOMMENDATION** to the Honorable Chief Judge Laurie Smith Camp that the Defendant Jason Debarge Devers' Motion to Dismiss (#39) be denied in its entirety, and that the Defendant's request for a hearing on his Motion also be denied as the issues raised are determined by the pleadings and docket.

**FURTHER, IT IS ORDERED:**

1. The Clerk of the Court is directed to mail a copy of the Findings and Recommendation to the Defendant at his last known address.

2. As trial has been set at Defendant's request, to begin November 27, 2012, the parties are given until **November 23, 2012**, to object. The objecting party must comply with all requirements of NeCrimR 59.2.

Dated this 15th day of November 2012.

BY THE COURT:

S/ F.A. Gossett, III
United States Magistrate Judge