IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:12CR236 |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| JASON DEBARGE DEVERS, | ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant Jason Debarge Devers's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 106). Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

### FACTUAL BACKGROUND

Devers was found guilty of a one-count Indictment charging him with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

At the Initial Appearance and Arraignment held on August 24, 2012, Devers requested counsel and Deputy Federal Public Defender Shannon O'Connor was appointed. On September 12, 2012, a hearing was held before Magistrate Judge Gossett on the Defendant's Motion for Appointment of New Counsel (Filing No. 19). Judge Gossett questioned the Defendant about his concerns regarding O'Connor's representation.

Judge Gossett advised Devers that although O'Connor was an outstanding lawyer, Judge Gossett would grant the motion and new counsel would be appointed.

On September 12, 2012, the court appointed Michael J. Tasset to represent Devers, and on October 19, 2012, Tasset filed a Motion to Withdraw (Filing No. 34) stating " . . . that Devers desires to represent himself in this matter."  On October 25, 2012, Judge Gossett heard the Motion to Withdraw.  Judge Gossett confirmed that Devers wished to represent himself and Judge Gossett advised Devers that he had the right to do so.  Judge Gossett also advised Devers that Tasset, like O'Connor, was an outstanding lawyer.  Judge Gossett questioned Devers at length about his reasons for wanting to represent himself, cautioning Devers against self-representation and strongly suggesting that he not proceed without counsel.  Judge Gossett ultimately granted the Motion to Withdraw, but asked if Devers would agree to have Tasset serve as stand-by counsel during trial.  Devers stated he did not want Tasset to be stand-by counsel and wished to proceed pro se.  Judge Gossett found that Devers freely, knowingly, voluntarily and unequivocally understood the consequences of representing himself.  Devers asked that his pending motion to suppress be withdrawn and that his case be set for trial.

The jury trial began on November 27, 2012, and the matter was submitted to the jury on November 28, 2012. A guilty verdict was received on November 28, 2012, and the sentencing hearing was scheduled for February 25, 2013.

On December 7, 2012, Devers filed a motion asking the court to appoint "Appeal Counsel for my appeal."  He further stated, "I would also like my trial transcripts."  (Filing No. 69).  The motion was granted as to the appointment of counsel and was otherwise denied. On January 11, 2013, Shannon O'Connor entered his appearance at Filing No. 74.

2

In that filing, Mr. O'Connor stated that, "Counsel spoke with Mr. Devers on January 10, 2013. Mr. Devers informed counsel that he did not request appointment of counsel before sentencing. After conversing with the Defendant, he informed counsel that he desired a stand-by counsel for sentencing and a regular appointment on appeal." *Id*. at 1. On the same day, the Defendant filed a Motion to Vacate under 28 U.S.C. 2255 (Filing No. 75) and that motion was denied without prejudice.

The Presentence Investigation Report (Filing No. 78) ("PSR") was sent to the parties and the Court on January 23, 2013. It calculated a Total Offense Level of 20 pursuant to U.S.S.G. § 2K2.1(a)(4)(A), because Devers committed the instant offense after sustaining one felony conviction for a crime of violence. Devers's Criminal History was VI, based on 17 criminal history points. Devers's criminal history points actually totaled 25, but points for certain convictions were not counted pursuant to U.S.S.G. § 4A1.1(c)(1) and (c)(2). See PSR ¶¶ 53, 54.

Devers did not file any objections to the PSR pursuant to the Order on Sentencing Schedule (Filing No. 63). At the sentencing hearing, O'Connor appeared with Devers, but stated that he would be representing Devers only in appeal proceedings, and not at the sentencing or any proceedings prior to the appeal. During the sentencing hearing, Devers was given an opportunity to address the Court and he made no oral objections to the PSR. Devers was sentenced to 70 months imprisonment, the lowest end of the guideline range, and 3 years of supervised release.

Devers filed an appeal and the Eighth Circuit Court of Appeals affirmed this Court's Judgment. On July 30, 2014, Devers's timely § 2255 motion was filed. In his motion, Devers argues two grounds for relief: (Ground One) Ineffective Assistance of Counsel in

Miscalculations of Criminal History Points; and (Ground Two) Ineffective assistance of Counsel for failure to Negotiate a Plea.

## DISCUSSION

In order to establish ineffective assistance of counsel, a Defendant must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984).  The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment.  *Id.* at 687-89.  The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense.  *Id*. at 687.

### *I.     Ground One -  Miscalculations of Criminal History Points*

Devers claims in his § 2255 motion that O'Connor gave him bad advice, telling him, " . . . not to object to the findings of the presentence investigation report." (§ 2255 Motion at ECF p. 8.)  Devers states that had he "objected to the findings of the report he would have been sentenced to 51-63 months instead of the 70 months he received." (Id. at ECF p. 15.)

Devers has not demonstrated that O'Connor performed outside the wide range of reasonable professional assistance, in part because O'Connor was not Devers's counsel with respect to the sentencing proceeding.  Devers declined appointed counsel, and insisted on proceeding pro se, expect with respect to his appeal.  Devers also has not demonstrated that any deficiency in O'Connor's performance, including the alleged advice

not to object to the presentence investigation report, prejudiced Devers's defense. Other than the mere allegation that Devers would have been in a guideline range of 51-63 months had he objected to the presentence investigation report, he has not specified the nature of the foregone objections, nor explained why they would have had merit, nor how the objections–if sustained–would have resulted in the lower guideline range. It appears that Devers did not read paragraphs 53 and 54 of the PSR, nor did he count the criminal history points assessed in the PSR, both of which clearly reveal that the officer applied U.S.S.G. §4A1.1(c) and reduced the total criminal history points accordingly. Nonetheless, Devers remained in Criminal History Category VI.

## II.     *Ground Two - Failure to Negotiate a Plea*

Devers was appointed two very seasoned, highly qualified criminal defense attorneys. O'Connor was appointed on August 24, 2012, and approximately two weeks later on September 6, 2012, Devers requested appointment of new counsel. That motion was granted. Tasset was appointed on September 12, 2012, and filed a motion to suppress on October 5, 2012. Approximately one month after his appointment, Tasset moved to withdraw, staring that Devers wished to represent himself. Devers now asserts there was no "plea process" and that he was "forced into going to trial." (§ 2255 Motion at ECF p. 8.) Neither O'Connor nor Tasset were afforded the opportunity to initiate plea negotiations with the government. During the hearing before Magistrate Judge Gossett on October 25, 2012, Defendant stated adamantly that he was not guilty; he wished to go to trial; and he insisted on representing himself without stand-by counsel.

Devers has not demonstrated that O'Connor or Tasset performed outside the wide range of reasonable professional assistance and made errors so serious that either of

5

them failed to function as the kind of counsel guaranteed by the Sixth Amendment. Devers also has not demonstrated how O'Connor or Tasset's failure to negotiate a plea agreement on his behalf during their short respective tenures as his counsel prejudiced Devers's defense. Devers was free to initiate plea negotiations on his own behalf, or plead without the benefit of a plea agreement. He has not demonstrated that either O'Connor or Tasset foreclosed those opportunities, nor that he made any attempt to pursue such courses of action.

## CONCLUSION

For the reasons discussed, Devers cannot prove either prong of the *Strickland* test with regards to his two court-appointed attorneys. Accordingly,

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 106);

2. The Court summarily dismisses the Defendant's § 2255 motion;

3. A separate Judgment will be issued denying the § 2255 motion; and

4. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 9th day of September, 2014.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge